## WARD v. FELDMAN.

No. 16605—Opinion Filed Feb. 1, 1927.

(Syllabus.)

1. **Attachment—Intervener not Estopped to Deny Defendant's Ownership by Giving Forthcoming Bond.**

Where plaintiff sues defendant and attaches property alleged to belong to defendant, which property is claimed by a third party who intervenes in the cause of action and sets up in his petition of intervention his claim to the property, takes possession of the same under a forthcoming bond, he is not thereby estopped to deny that the property belonged to the defendant by the execution of such bond.

2. **Fraudulent Conveyances—Sales—Sufficiency of Change of Possession.**

When the sale of personal property is accompanied by an actual and continued change of possession which is open, notorious, and unequivocal, and such as to apprise the community and those who deal with the party that the goods have changed hands and the title thereto has passed from the vendor to the vendee, attachment will not lie under section 6021, C. O. S. 1921.

3. **Same—Judgment for Attaching Creditor Against Purchaser not Sustained.**

Record examined; held, to be insufficient to support the judgment of the trial court.

Error from Court of Common Pleas, Tulsa County; Gerald F. O'Brien, Judge.

Action by R. Feldman against T. L. Lovely et al. for money judgment, attaching certain personalty alleged to belong to T. L. Lovely et al. D. W. Ward intervened claiming title to the property attached. Judgment for plaintiff and against the interpleader, D. W. Ward. Ward brings error. Reversed and remanded.

Bicking & Wilson, for plaintiff in error.

Chas. L. Yancey, Henry L. Fist, and W. Y. Mauzy, for defendant in error.

HEFNER, J. This cause was tried in the common pleas court in Tulsa county, Okla. The parties will be referred to as they appeared in the trial court.

The plaintiff in error, D. W. Ward, was an interpleader in a cause wherein the defendant in error, R. Feldman, prosecuted an action against T. L. Lovely et al.

On the 31st day of July, 1924, Ward purchased certain pool hall equipment from the defendants and the bill of sale conveying same was executed and delivered to Ward, and the court found that a valuable consideration was paid therefor. A few days thereafter, on August 6th. plaintiff commenced an action against the defendants for a money judgment, and attached the property. After the property had been attached and on the 10th day of September following, Ward attempted to take possession of the property, but was advised by one of the officers of the court that the same was under attachment. Whereupon he filed a forthcoming bond and took possession and moved the property from Collinsville to Tulsa and placed it in his building.

A jury was waived and the cause submitted to the court, and the attachment was sustained, and appeal was taken to this court.

After the levy of the first attachment in the above case, on a different cause of action, R. Feldman instituted another proceeding against T. L. Lovely et al., and a new order of attachment was issued and the property was attached. Immediately after the service of the second order of attachment, D. W. Ward executed a forthcoming bond, which was filed in the trial court. He thereafter filed his petition for intervention and upon the trial the second attachment was sustained by the trial court, from which judgment D. W. Ward appeals to this court.

At the time the second attachment was issued, the property had been moved by Ward to Tulsa and was in his possession and was not in the possession of the defendants.

Defendant in error contends that Ward is estopped to deny that the property belongs to the defendants because he executed a forthcoming bond. He filed a plea of intervention wherein he set out his claim of title and the bill of sale which was executed and delivered to him before the property was attached, and the court found that a valuable consideration was paid for the property, and no fraud in connection with the sale is charged. The plaintiff in error having filed an interplea in which he claimed the property, the fact that he executed and delivered a forthcoming bond did not estop him from denying that the property belonged to the defendants.

The further question necessary to decide is whether or not section 6021, C. O. S.

1921, applies in this case. The section is as follows:

"Every transfer of personal property other than a thing in action, and every lien thereon, other than a mortgage, when allowed by law, is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent and therefore void, against those who are his creditors while he remains in possession, and the successors in interest of such creditors, and against any person on whom his estate devolves in trust for the benefit of others than himself, and against purchasers or incumbrancers in good faith subsequent to the transfer."

At the time the attachment in this proceedings was levied the property was and had been for some time in the actual possession of intervener Ward; it being in his possession and not in the possession of the defendants, the statute does not apply. It follows that the judgment of the lower court must be reversed and the attachment dissolved. It is therefore ordered that the cause be reversed and remanded and that judgment be rendered in accordance with the views herein expressed.

All the Justices concur.

Note.—See under (1) 6 C. J. p. 411, §946 (Anno). ( 2) 27 C. J. p. 579, §301 ; (Anno) 32 L. R. A. 54 ; 12 R. C. L. p. 551 ; 2 R. C. L. Supp. p. 1455. (3) 4 C. J. p. 1164, §3181