# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00611-CV

In re Henry Gonzales, Jr.

ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## O P I N I O N

In this original proceeding, relator Henry Gonzales's petition for writ of mandamus asserts that respondent, the Honorable Karen Sage, abused her discretion by removing Gonzales's court-appointed trial counsel and appointing new counsel for his forthcoming appeal. Subsequent to the removal of trial counsel, Judge Sage recused herself from these proceedings, and the Honorable Bob Perkins has been assigned to preside over the underlying case. As a result, we consider whether this mandamus proceeding is still properly before us, given that the named respondent, i.e., Judge Sage, no longer has authority over this case.

Generally, "the respondent is not critical in a mandamus proceeding, as only the real party in interest[,]" in this case the State, "appears, argues, and is affected by the outcome." *In re Schmitz*, 285 S.W.3d 451, 454 (Tex. 2008). "Of course, the writ must be directed to someone, but in the final analysis *any* judge sitting in the case after mandamus relief is granted would be compelled to obey it." *Id.* (citing *Loram Maint. of Way, Inc. v. Ianni*, 210 S.W.3d 593, 596 (Tex. 2006)). However, the Texas Supreme Court has specifically held that "[m]andamus will not issue against a new judge for what a former one did." *In re Baylor Med. Ctr. at Garland*,

280 S.W.3d 227, 228 (Tex. 2008); *see also State v. Olsen*, 360 S.W.2d 402, 403 (Tex. 1962) ("A writ of mandamus will not lie against a successor judge in the absence of a refusal by him to grant the relief Relator seeks."). Given that Judge Perkins has not ruled on Gonzales's motion to reinstate his trial counsel, we cannot issue a mandamus against Judge Perkins until he has had an opportunity to do so. *Baylor Med. Ctr. at Garland*, 280 S.W.3d at 228.

This situation often arises when the judge who originally presided over the case dies or leaves office and another judge takes her place. *See, e.g.*, *In re Newby*, 280 S.W.3d 298, 301–02 (Tex. App.—Amarillo 2008, orig. proceeding). The common remedy in that situation would be to abate the mandamus petition to give the successor judge an opportunity to rule on the underlying issue. *See id.*; *see also Schmitz*, 258 S.W.3d at 453. Under rule 7.2 of the Texas Rules of Appellate Procedure, the court in an original proceeding "must abate the proceeding to allow the successor to reconsider the original party's decision." Tex. R. App. P. 7.2(b). However, this mandatory abatement only applies if the current judge succeeds a judge who "ceases to hold office." *See* Tex. R. App. 7.2(a). Given that Judge Sage has only recused herself from this proceeding, but otherwise still retains her office, it is not clear that she "ceases to hold office" within the meaning of Rule 7.2.

Two of our sister courts of appeals have held that Rule 7.2 does not apply in cases involving recusal, and thus abatement is not mandatory. *See In re Guerra*, 235 S.W.3d 392, 402–03 (Tex. App.—Corpus Christi 2007, orig. proceeding); *In re Shellhorse*, No. 10-10-00111-CV, 2010 Tex. App. LEXIS 5324, at *2–3 n.1 (Tex. App.—Waco July 7, 2010, orig. proceeding) (mem. op., not designated for publication). After determining that abatement was not mandatory, the court in *Guerra* treated the successor judge as the new respondent and proceeded to address the mandamus

2

petition on its merits. *See* 235 S.W.3d at 403–435. The court in *Shellhorse* similarly substituted the successor judge as the respondent, but then denied the mandamus petition because it "would be premature" to compel the successor judge to take any action before having a reasonable opportunity to review the relator's complaints. *See* 2010 Tex. App. LEXIS 5324, at *1–2.

We agree with our sister courts that, by its own terms, Rule 7.2 does not apply to cases involving recusal. Thus, abatement is not mandatory in this case. Furthermore, we agree with our sister courts that Judge Perkins, as the successor to Judge Sage, should be treated as the appropriate respondent in this mandamus going forward. However, we find that the underlying policy rationale behind Rule 7.2(b)—i.e., affording a successor judge an opportunity to rule on a relator's complaint before we issue mandamus—is as applicable in the recusal context as it is when a judge ceases to hold office. *See Schmitz*, 285 S.W.3d at 453; *Olsen*, 360 S.W.2d at 403. Therefore, although abatement is not mandatory under the rules of appellate procedure, we nonetheless find it to be appropriate in this case because Judge Perkins should be afforded the opportunity to review Gonzales's underlying complaint.

Accordingly, we abate this mandamus petition for fourteen days and instruct Judge Perkins to prepare and send to this court his ruling on Gonzales's motion to set aside Judge Sage's order removing court-appointed trial counsel.[1] *See* Tex. R. App. P. 52.10(b) (noting court may "grant any just relief pending the court's action on the petition"). A supplemental clerk's record

---

[1] Because we abate this mandamus petition to allow Judge Perkins to rule on the underlying complaint, our order staying the trial court's proceedings is hereby lifted, pending reinstatement of this petition in this Court.

containing the district court's ruling and any related records shall be forwarded to the clerk of this court no later than November 30, 2012.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Abated

Filed:　November 16, 2012