# IN THE SUPREME COURT OF TEXAS

════════════

No. 12-0636

════════════

IN RE MELISSA BLEVINS, RELATOR

════════════════════════════════════════════════════

ON PETITION FOR WRIT OF MANDAMUS

════════════════════════════════════════════════════

**PER CURIAM**

This original proceeding arises from an order in a Suit Affecting the Parent-Child Relationship (SAPCR). The order transferred possession of two children who had been living with foster parents to the children's father. The foster parents assert that the trial court abused its discretion by transferring possession and seek a writ of mandamus directing the trial judge to set aside the order. However, because the trial judge who signed the order has recused from the case, we abate the proceedings in this Court. We direct the trial judge now presiding over the case to consider the matters underlying the challenged order and determine whether the challenged order should remain in effect, be modified, or be set aside, and to render its own order accordingly. The trial judge is not limited to considering only evidence on which the order was based.

In February 2010, the Department of Family and Protective Services placed siblings R.M.R. and A.L.R. in foster care with Melissa Blevins and her husband. After placing the children with the Blevinses, the Department worked extensively with the children's biological parents to help them

regain custody, but the efforts failed. Mother relinquished her parental rights and Father was arrested in December 2010 and deported to Mexico.

On August 8, 2011, the trial judge signed a Final Order in the SAPCR. In that order were findings that appointment of Father as managing conservator would not be in the best interests of the children. The order appointed the Department as Permanent Managing Conservator and Father as Possessory Conservator. Father's possession of and access to the children was limited to supervised visitation.

On October 12, 2011, the trial court held a placement review hearing. Following that hearing, the court signed an order approving placement of the children with their paternal grandparents, subject to favorable criminal history checks and good health certificates. The order did not change the conservatorship provisions of the August 8, 2011 Final Order. Another placement review hearing was set for April 4, 2012.

On December 20, 2011, Blevins intervened. She requested that she be appointed sole managing conservator and that the children not be removed from Tarrant and Somervell counties.

On March 7, 2012, the Department filed a petition seeking modification of the August 8, 2011 Final Order. The petition alleged that the appointment of Father and his mother as joint managing conservators was in the best interests of the children. Both Father and his mother resided in Mexico.

On March 29, 2012, the trial court signed a temporary restraining order (TRO) directing the Department not to remove the children from Tarrant or Somervell counties. The order set a hearing

for April 4, 2012 to determine whether the TRO should be made into a temporary injunction pending final hearing.

The April 4 hearing purported to be a placement review hearing, as well as a hearing on Blevins's motion for additional temporary orders, her motion to vacate an ex parte order, her request for a TRO, and the Department's petition to modify conservatorship. However, the April 16, 2012 order signed by the trial judge is entitled, "Order Denying Temporary Restraining Order." This order only (1) denied Blevins's request for a temporary injunction and (2) ordered the children to be placed with Father "in accordance with the prior order of this Court." However, no prior order placed them with Father. The trial judge subsequently recused from the case and a replacement judge was assigned.

Blevins asks this Court to issue a writ of mandamus directing the current trial judge to vacate the April 16, 2012 order placing the children with Father.

Although a particular respondent is not critical in a mandamus proceeding, the writ must be directed to someone. *In re Schmitz*, 285 S.W.3d 451, 454 (Tex. 2009). And generally a writ will not issue against one judge for what another did. *In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 228 (Tex. 2008). Thus, in an original proceeding where the judge who signed the order at issue has "cease[d] to hold office," an appellate court "must abate the proceeding to allow the successor to reconsider the original party's decision." TEX. R. APP. P. 7.2. However, because the trial judge who signed the order being attacked in this case has not ceased to hold office, but has only recused from further participation in the case, it is not clear that Rule 7.2 applies. The courts of appeals are split on the matter.

3

The Corpus Christi Court of Appeals has held that Rule 7.2 does not apply in cases where a judge has recused, and thus abatement is not mandatory. *In re Guerra*, 235 S.W.3d 392 (Tex. App.—Corpus Christi 2007, orig. proceeding). There, the court treated the successor judge as the new respondent and proceeded to address the mandamus petition on its merits. *Id*. at 402-05.

In similar situations, the Waco Court of Appeals has denied the mandamus petitions. *In re Toups Law Firm*, No. 10-10-00226-CV, 2010 WL 3911420 (Tex. App.—Waco Oct. 6, 2010, orig. proceeding) (mem. op.); *In re Shellhorse*, No. 10-10-00111-CV, 2010 WL 2706115 (Tex. App.—Waco July 7, 2010, orig. proceeding) (mem. op.). In *Toups Law Firm* and *Shellhorse*, the court of appeals substituted the successor judge as the respondent, but denied the mandamus petition because it "would be premature" to compel the successor judge to take any action before having an opportunity to review the relator's complaint. 2010 WL 3911420, *2; 2010 WL 2706115, *1.

The Austin Court of Appeals has proceeded in yet another way. It has determined that abatement is more appropriate than the approaches taken by the courts in *Guerra*, *Toups Law Firm*, and *Shellhorse*. *See In re Gonzales*, 391 S.W.3d 251 (Tex. App.—Austin 2012, orig. proceeding). In *Gonzales* the court of appeals based its action on Rule 7.2's underlying policy that a successor judge should be afforded an opportunity to rule on the matter being challenged before a mandamus petition will be entertained. *Id.* at 252. The court abated the mandamus proceeding and instructed the successor judge to prepare and send back his ruling on the underlying case. *Id.*

We conclude that under circumstances such as those before us, appellate courts should either deny the petition for mandamus, as was done in *Toups Law Firm* and *Shellhorse*, or abate the proceedings pending consideration of the challenged order by the new trial judge, as was done in

4

*Gonzales*. Because mandamus is a discretionary writ, the appellate court involved should exercise discretion to determine which of the two approaches affords the better and more efficient manner of resolving the dispute.

In the matter before us, neither party has raised the issue of whether the new judge should have the opportunity to reconsider the order placing the children with Father. But, given the current posture of the case, we conclude that the better and more efficient approach is to abate the proceedings in this Court instead of denying the petition. Accordingly, we do so. We direct the trial judge assigned to the case to take whatever actions and hold whatever hearings it determines are necessary for it to reconsider the April 16, 2012 order and those matters underlying it. We do not intend to limit the trial court to considering only the evidence on which the April 16, 2012 order was based.

The trial court is directed to proceed in accordance with this opinion and, subject to any requests for extension of time by that court, cause its order on reconsideration of the April 16, 2012 order to be filed with the clerk of this Court no later than December 20, 2013.

**OPINION DELIVERED:** November 1, 2013