

# NUMBER 13-13-00689-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ESTEBAN MIGUEL GUERRA

## On Petition for Writ of Mandamus.

# ORDER OF ABATEMENT

**Before Chief Justice Valdez and Justices Benavides and Longoria**
**Order Per Curiam**

On December 11, 2013, Esteban Miguel Guerra filed a petition for writ of mandamus contending that the trial court erred in ordering the underlying dispute to arbitration because: (1) the trial court failed to give notice or hold a hearing prior to ordering arbitration; (2) because the trial court lacked jurisdiction over the underlying claims; and (3) the underlying claims were not subject to arbitration. Relator also sought an emergency stay of the arbitration proceedings. The Court ordered the arbitration proceedings stayed, and requested and received a response to the petition

for writ of mandamus from the real party in interest, the Honorable Rolando Cantu. We clarify the order of stay previously issued in this case and we abate this original proceeding as stated herein.

## I. BACKGROUND

The real party in interest brought suit against Guerra in the County Court at Law No. Six of Hidalgo County, Texas, the Honorable Albert Garcia presiding. According to the "Plaintiff's First Amended Original Petition," the real party provided legal services to Guerra pursuant to a contract of employment with regard to a will contest that had been filed in the Probate Court of Hidalgo County. According to this pleading:

> Plaintiff provided extensive legal services over a period of years which resulted in a substantial recovery of assets for the Defendant. But for Plaintiff's representation, Defendant would have received none of the assets which are the basis of this action. Plaintiff has now learned, based on information and belief that Defendant has refused to honor the terms of the contract of employment with regard to certain assets which were the basis of the lawsuit. Defendant has misrepresented his ownership interests applicable to the contract of employment and [has[ refused to execute conveyance deeds to certain minerals recovered . . . in the Probate Court of Hidalgo County, Texas.

The real party thus brought a cause of action for breach of contract against Guerra for the alleged failure to fully compensate him according to the attorney fee contract between the parties. The real party further sought a declaratory judgment that would determine the rights of the parties under the attorney fee agreement.

On June 27, 2013, the real party filed a motion for referral to arbitration. That same day, the trial court granted the motion for referral to arbitration. The real party in interest effectively concedes that relator did not receive notice or hearing regarding the motion for referral to arbitration. In the real party's response, he asserts that relator has not lost his right to be heard, instead, "he simply will be arguing in front of an [a]rbitrator

2

rather than a [j]udge. The real party concludes that, "[t]herefore, Relator was not harmed by the lack of notice and a hearing on the Motion for Referral to Arbitration."

On August 22, 2013, the trial court held a hearing on a plea to the jurisdiction and motion to dismiss.

On November 20, 2013, the trial court entered an order granting a motion for referral of all dispositive motions to arbitration. The order stated that "this matter and all dispositive motions with regard to this matter" would be referred to arbitration and be determined by the appointed arbitrator.

On December 10, 2013, the trial court granted relator's motion to recuse and referred the motion to recuse to the Presiding Judge of the Fifth Administrative Judicial Region, the Honorable J. Rolando Olvera, for further proceedings. That same day, the arbitrator issued a letter to the parties. The letter addresses various matters and includes the arbitrator's rulings on, inter alia, a motion for continuance, special exceptions, and the filing of pleadings. The letter states that the arbitrator "will not rule on any jurisdictional matters, as such matters have been implicitly decided by the courts." The letter concludes:

> Additionally, please note that, with regard to jurisdictional issues, it is the Arbitrator's position that the jurisdictional issues, and the issue whether an arbitration should be enforced, are issues that should be addressed by the presiding [j]udge. . . . [U]ntil the undersigned is instructed by [the judge who appointed me] or any other competent Court in the State of Texas to withdraw as Arbitrator, the Arbitrator will proceed with the arbitration. . . .

This original proceeding ensued.

3

## II. ABATEMENT

Given the foregoing sequence of events, we consider whether this original proceeding is properly before the Court at this time. Texas Rule of Appellate Procedure 7.2(a) governs the procedure that courts of appeals are to follow when judges or other public officers who are parties to appellate proceedings no longer occupy the office. *See* TEX. R. APP. P. 7.2(a). When a judge who is a party to an original proceeding ceases to hold office, the judge's successor may be automatically substituted as a party. *See id.* "If the case is an original proceeding under Rule 52, the court must abate the proceeding to allow the successor to reconsider the original party's decision." *Id.* R. 7.2(b). However, this mandatory abatement only applies if the current judge succeeds a judge who "ceases to hold office." *See id.* R. 7.2(a). Rule 7.2 does not apply in cases involving recusal, and thus abatement is not mandatory in such cases. *See, e.g., In re Gonzales*, 391 S.W.3d 251, 252 (Tex. App.—Austin 2012, orig. proceeding); *In re Guerra*, 235 S.W.3d 392, 402-03 (Tex. App.—Corpus Christi 2007, orig. proceeding); *see also In re Shellhorse*, No. 10-10-00111-CV, 2010 Tex. App. LEXIS 5324, at *2-3 n.1 (Tex. App.—Waco July 7, 2010, orig. proceeding) (mem. op., not designated for publication).

Generally, "the respondent is not critical in a mandamus proceeding." *In re Schmitz*, 285 S.W.3d 451, 454 (Tex. 2008). "Of course, the writ must be directed to someone, but in the final analysis any judge sitting in the case after mandamus relief is granted would be compelled to obey it." *Id.* (citing *Loram Maint. of Way, Inc. v. Ianni*, 210 S.W.3d 593, 596 (Tex. 2006)). However, the Texas Supreme Court has specifically held that "[m]andamus will not issue against a new judge for what a former one did." *In*

4

*re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 228 (Tex. 2008) (orig. proceeding); *see also State v. Olsen*, 163 Tex. 449, 360 S.W.2d 402, 403 (Tex. 1962) (orig. proceeding) ("A writ of mandamus will not lie against a successor judge in the absence of a refusal by him to grant the relief Relator seeks.").

The Texas Supreme Court recently clarified the law regarding how appellate courts should handle original proceedings in which the respondent has recused himself or herself. *See In re Blevins*, No. 12–0636, 57 Tex. Sup. Ct. J. 38, 2013 WL 5878910, at **1–3 (Tex. Nov. 1, 2013) (orig. proceeding). In these circumstances, appellate courts should either deny the petition for mandamus or abate the proceedings pending consideration of the challenged order or orders by the new trial judge. *See id.* at *2. Because mandamus is a discretionary writ, the appellate court involved should exercise discretion to determine which of the two approaches affords the better and more efficient manner of resolving the dispute. *Id.* In the matter before us, neither party has raised the issue of whether the successor judge should have the opportunity to reconsider the orders at issue in this original proceeding. But, given the current posture of the case, we conclude that the better and more efficient approach is to abate the proceedings in this Court instead of denying the petition. *See id.* at *3.

Accordingly, we ABATE this original proceeding for the reasons and purposes expressed herein. We have previously ordered all arbitration proceedings to be stayed in this case. This order of stay remains in place; however, the stay does not affect the ability or duty of the successor judge to consider the rulings at issue in this original proceeding. We direct the trial judge assigned to the case to take whatever actions and hold whatever hearings it determines are necessary for it to reconsider the matters at

5

issue herein.  The Court requests that the trial judge assigned to the case to file a supplemental record which includes the rulings on reconsideration.  The supplemental record is due within twenty-one days from the date of this order.  This proceeding will then be reinstated on further order of this Court.

IT IS SO ORDERED.


PER CURIAM


Delivered and filed the
15th day of January, 2014.