

NUMBER 13-13-00689-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ESTEBAN MIGUEL GUERRA

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Longoria
### Memorandum Opinion Per Curiam [1]

On December 11, 2013, Esteban Miguel Guerra filed a petition for writ of mandamus contending that the trial court erred in ordering the underlying dispute to arbitration because: (1) the trial court failed to give notice or hold a hearing prior to ordering arbitration; (2) the trial court lacked jurisdiction over the underlying claims; and (3) the underlying claims were not subject to arbitration. Relator also sought an emergency stay of the arbitration proceedings. The Court ordered the arbitration

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

proceedings stayed and requested and received a response to the petition for writ of mandamus from the real party in interest, the Honorable Rolando Cantu. By subsequent order, the Court also abated the petition for writ of mandamus for consideration of the challenged order by the successor judge in accordance with *In re Blevins*, No. 12–0636, 57 Tex. Sup. Ct. J. 38, 2013 WL 5878910, at \*\*1–3 (Tex. Nov. 1, 2013) (orig. proceeding). Relator has now filed a motion to dismiss this original proceeding on grounds that the trial court dismissed the underlying trial court proceedings and the petition for writ of mandamus has been rendered moot.

The Court, having examined and fully considered relator's motion to dismiss, is of the opinion that this matter has been rendered moot. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings. . . ."); *State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (stating that, for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought). Accordingly, we REINSTATE this cause, LIFT the stay previously imposed by this Court, GRANT relator's motion to dismiss, and DISMISS this petition for writ of mandamus as moot. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
24th day of March, 2014.

2