**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:        In re Maxine Adams and Cecil Adams, Relators

Appellate case number:    01-16-00405-CV

Trial court case number:    2014-35653

Trial court:                        157th District Court of Harris County

On May 18, 2016, the relators, Maxine Adams and Cecil Adams, proceeding *pro se*, filed a petition for a writ of mandamus. The petition seeks to order the respondent trial judge to, among other things, reverse the order denying the relators' motion to dismiss Harris County's interpleader and reverse the order denying the relators' no-evidence summary judgment motion, both signed on March 13, 2015.

Relators' petition had named the Honorable Dan Hinde as the respondent, the presiding judge at the time of the challenged orders. Real parties in interest Harris County and Chris Daniel, Harris County District Clerk, filed a response on June 22, 2016, contending that this petition should be denied or abated because of the respondent's recent recusal order, signed on June 14, 2016, and the order of transfer to the 157th District Court, signed on June 15, 2016. *See In re Blevins*, 480 S.W.3d 542, 544 (Tex. 2013) (orig. proceeding) (per curiam) (holding that "appellate courts should either deny the petition for mandamus . . . or abate the proceedings pending consideration of the challenged order by the new trial judge."). On June 23, 2016, the relators filed a reply which, among other things, states that they agree with the alternative request by Harris County and Chris Daniel that this petition should be abated because the Honorable Randy Wilson, the presiding judge of the 157th District Court, has been assigned to this case.

Accordingly, the Court sua sponte construes relators' *pro se* reply to include an unopposed motion to abate, which is **granted**, and this case is **abated** and **remanded** to allow Judge Wilson to reconsider the March 13, 2015 orders denying the relators' motion to dismiss Harris County's interpleader and denying relators' no-evidence motion for summary judgment. *See* TEX. R. APP. P. 7.2(b) ("If the case is an original proceeding

under Rule 52, the court must abate the proceeding to allow the successor to reconsider the original party's decision."). Further, the Clerk of this Court is directed to substitute the Honorable Randy Wilson as the respondent and the 157th District Court as the trial court. *See* TEX. R. APP. P. 7.2(a).

The Court orders the trial court clerk to file, **within 30 days** of the date of this order or, if the trial court schedules a hearing, **within 15 days** of that hearing, a supplemental clerk's record with the successor's orders on reconsideration with the Clerk of this Court. This case is abated, treated as a closed case, and removed from this Court's active docket. This original proceeding will be reinstated on this Court's active docket when a compliant supplemental clerk's record, and a supplemental reporter's record, if any, are filed. The Court will also consider a motion to reinstate by either party.

It is so ORDERED.

Judge's signature:    /s/ Evelyn V. Keyes
                      ☒  Acting individually     ☐  Acting for the Court

Date: June 28, 2016