COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        In re Siemens Gamesa Renewable Energy Wind US, LLC,
                            Relator

Appellate case number:      01-17-00927-CV

Trial court case number:    2013-67072-7

Trial court:                190th District Court of Harris County

On December 4, 2017, relator, Siemens Gamesa Renewable Energy Wind US, LLC, filed a petition for a writ of mandamus. The petition seeks to declare the respondent trial judge's October 30, 2017 order, which granted real party in interest GCube Underwriting Limited, as assignee and subrogee of E.ON Climate & Renewables North America, LLC ("GCube")'s first supplemental motion to enforce judgment, as void, suspending enforcement of that order, and directing the successor judge to vacate the order.

With the petition, relator also filed an opposed motion to seal the petition for writ of mandamus and sworn record. Relator's motion attaches an agreed motion to seal court records, under Rule of Civil Procedure 76a, and a judgment confirming arbitration award under seal, signed by the respondent on April 2, 2014, which had maintained the seal on the arbitration award and other related documents and exhibits from a previous order. *See* TEX. R. CIV. P. 76a. Requests to seal records are governed by Texas Rule of Civil Procedure 76a, which provides no authority for an appellate court to make the findings necessary to decide motions to seal the record. *See id.*; *see also Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 636 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) ("On its face, Texas Rule of Civil Procedure 76a, entitled 'Sealing Court Records,' does not give appellate courts the authority to find the necessary facts and to determine motions to seal on appeal, and the parties have not cited any statute, rule, or case stating that appellate courts have this authority."). However, because relator included the respondent's order sealing the arbitration award and related documents, the Court **grants** relator's motion and directs the Clerk of this Court to file the petition for writ of mandamus and sworn record under seal and not file them electronically. *See* TEX. R.

APP. P. 9.2(c)(3) ("Documents filed under seal, . . . or to which access is otherwise restricted by . . . court order must not be electronically filed.").

Relator's petition had named the Honorable Patricia Kerrigan as the respondent, the presiding judge at the time of the challenged order, but also notes that Judge Kerrigan resigned on October 31, 2017, and that the Honorable Debra Ibarra Mayfield was appointed to replace her on September 13, 2017. Relator claims that good cause exists not to abate this petition, as required by Rule 7.2(b), because with a void order entered after the plenary-power period, there is nothing for the new judge to reconsider. *See* TEX. R. APP. P. 7.2(b). However, "[m]andamus will not issue against a new trial judge for what a former one did." *In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 228 (Tex. 2008) (orig. proceeding) (citations omitted); *see also In re Blevins*, 480 S.W.3d 542, 544 (Tex. 2013) (orig. proceeding) (per curiam) (holding that "appellate courts should either deny the petition for mandamus . . . or abate the proceedings pending consideration of the challenged order by the new trial judge.").

Accordingly, the Court sua sponte **abates** this petition and **remands** the case to allow the successor Judge Debra Ibarra Mayfield to reconsider the October 30, 2017 order granting GCube's first supplemental motion to enforce judgment, signed by respondent Judge Kerrigan. *See* TEX. R. APP. P. 7.2(b) ("If the case is an original proceeding under Rule 52, the court *must* abate the proceeding to allow the successor to reconsider the original party's decision.") (emphasis added). Further, the Clerk of this Court is directed to substitute the Honorable Debra Ibarra Mayfield as the respondent. *See* TEX. R. APP. P. 7.2(a).

The Court orders the trial court clerk to file, **within 30 days** of the date of this order or, if the trial court schedules a hearing, **within 15 days** of that hearing, a supplemental clerk's record with the successor's order on reconsideration with the Clerk of this Court. This case is abated, treated as a closed case, and removed from this Court's active docket. This original proceeding will be reinstated on this Court's active docket when a compliant supplemental clerk's record, and a supplemental reporter's record, if any, are filed. The Court will also consider a motion to reinstate by either party.

It is so ORDERED.

Judge's signature: _/s/ Laura C. Higley_____

☑ Acting individually ☐ Acting for the Court

Date: _December 12, 2017_____