

# NUMBER 13-18-00656-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE EDNA CHAPA

## On Petition for Writ of Mandamus.

## ORDER

### Before Chief Justice Contreras and Justices Longoria and Hinojosa[1]
### Order Per Curiam

There are two motions currently pending before this Court. First, the real party in interest, David Chapa, has filed a motion to dismiss this original proceeding as moot on grounds that the respondent has recused himself from further proceedings in the case. Second, relator Edna Chapa has filed a motion to abate this original proceeding pending the appointment of a new judge. She requests that we abate this cause for a reasonable

---

[1] The Honorable Rogelio Valdez, former Chief Justice of this Court, did not participate in this decision because his term of office expired on December 31, 2018. In accordance with the appellate rules, he was replaced on panel by Chief Justice Dori Contreras. *See* TEX. R. APP. P. 41.1(a).

period of time in order to allow the new judge "to review the matter and to be given the opportunity to move forward with a ruling on the merits."

Given the foregoing motions, we consider whether this original proceeding is properly before the Court at this time. Although a particular respondent is not critical in a mandamus proceeding, the writ must be directed to someone. *In re Blevins*, 480 S.W.3d 542, 543–44 (Tex. 2013) (orig. proceeding); *In re Schmitz*, 285 S.W.3d 451, 454 (Tex. 2009) (orig. proceeding). Generally, a writ will not issue against one judge for what another judge did. *In re Blevins*, 480 S.W.3d at 543; *In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 228 (Tex. 2008) (orig. proceeding); *see also State v. Olsen*, 360 S.W.2d 402, 403 (Tex. 1962) ("A writ of mandamus will not lie against a successor judge in the absence of a refusal by him to grant the relief Relator seeks.").

Under Texas Rule of Appellate Procedure 7.2, when a judge who is a party to an original proceeding ceases to hold office, the court must abate the proceeding to allow the successor to reconsider the original party's decision." *Id.* R. 7.2(b). When the trial judge who signed the order at issue has not ceased to hold office but has only recused himself or herself from further participation in the case, appellate courts should either deny the petition for mandamus or abate the proceedings pending consideration of the challenged order by the new trial judge. *In re Blevins*, 480 S.W.3d at 544. Because mandamus is a discretionary writ, the appellate court involved should exercise discretion to determine which of the two approaches affords the better and more efficient manner of resolving the dispute. *See id.*

Given the current posture of this case, we conclude that the better and more efficient approach is to abate the proceedings in this Court instead of denying the petition.

Accordingly, we deny David Chapa's motion to dismiss this original proceeding as moot. We abate and remand this matter to the trial court to afford the successor judge the opportunity to consider the matters at issue in this original proceeding. The successor judge shall issue notice and cause a hearing to be held on the matters raised in this original proceeding. We direct the successor judge to consider the matters at issue and to determine whether the requested ruling should issue, and to render its own order accordingly. We direct the trial judge assigned to the case to take whatever actions and hold whatever hearings it determines are necessary for it to consider matters herein.

The successor judge is directed to proceed in accordance with this opinion and, subject to any requests for extension of time by that court, cause its order on reconsideration and any findings and conclusions, along with a reporter's record of any hearings held, to be filed with the clerk of this Court within thirty days.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
22nd day of January, 2019.

3