

# NUMBER 13-19-00074-CV

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE AT&T INC., ET AL.

## On Petition for Writ of Mandamus.

# ORDER

**Before Justices Benavides, Longoria, and Hinojosa**
**Order Per Curiam**

Relators, AT&T Inc.; New Cingular Wireless PCS, LLC d/b/a AT&T Mobility, individually and in its capacity as General Partner of McAllen-Edinburg-Mission SMSA Limited Partnership, Texas RSA 18 Limited Partnership, and Texas RSA 19 Limited Partnership; AT&T Mobility Corporation; Cricket Communications, LLC; and Cricket Wireless, LLC, filed a petition for writ of mandamus in the above cause on February 15, 2019. Through this original proceeding, relators seek to compel the trial court to vacate and set aside an order compelling the production of privileged documents. As an initial matter, however, relators seek abatement of this original proceeding pursuant to Texas

Rule of Appellate Procedure 7.2(b).  *See* TEX. R. APP. P. 7.2(b).  Relators argue that the respondent in this original proceeding, the Honorable Juan Partida, no longer presides over the 275th District Court, and this matter should be abated pending consideration of the issues herein by his successor, the Honorable Marla Cuellar.

Under Texas Rule of Appellate Procedure 7.2, when a judge who is a party to an original proceeding ceases to hold office, the court must abate the proceeding to allow the successor to reconsider the original party's decision.  *See id.* R. 7.2(b); *In re Blevins*, 480 S.W.3d 542, 543–44 (Tex. 2013) (orig. proceeding); *In re Schmitz*, 285 S.W.3d 451, 454 (Tex. 2009) (orig. proceeding); *In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 228 (Tex. 2008) (orig. proceeding); *see also State v. Olsen*, 360 S.W.2d 402, 403 (Tex. 1962) ("A writ of mandamus will not lie against a successor judge in the absence of a refusal by him to grant the relief Relator seeks.").

Accordingly, we grant the request for abatement, and we abate and remand this matter to the trial court to afford the successor judge the opportunity to consider the rulings at issue in this original proceeding.  The successor judge shall issue notice and cause a hearing to be held on these matters.  We direct the successor judge to determine what ruling should issue, and to render its own order accordingly.  The successor judge shall cause its order on reconsideration and any findings and conclusions, along with a reporter's record of any hearings held, to be filed with the Clerk of this Court within thirty days.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
19th day of February, 2019.

2