

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-17-00153-CV**

**IN RE SMITH BEND RANCH, LTD**

_____

**Original Proceeding**

---

**ABATEMENT ORDER**

---

This proceeding was filed to review the trial court's decision to reinstate a case that had been pending for five years and then dismissed for want of prosecution. While this proceeding was pending, a new trial court judge was elected. After the election, relator filed a motion pursuant to Rule 7.2(b) of the Texas Rules of Appellate Procedure, asking the Court to abate this proceeding "to consider Respondent's original decisions on Relator's Motion to Dismiss and [real-party-in-interest's] Motion to Reinstate, so that he may decide whether to adopt the same rulings or rule differently." The motion was granted and this proceeding was abated "to present for review to the Honorable Shaun Carpenter the Relator's motion to dismiss and the Real Party in Interest's motion to

reinstate."   Subsequent to the abatement order, the real-party-in-interest died. Subsequent to being notified that the real-party-in-interest had died, the trial court held a hearing and determined that:

> The Court, after reviewing all of the information contained in the Appendix to Petition for Writ of Mandamus is of the opinion that Judge Phil Robertson's orders relating to the Motion to Reinstate (Motion heard April 7, 2017, order signed April 11, 2017) were correctly decided and adopts those rulings in their entirety. The Court also adopts the Findings in [sic] Fact and Conclusions of Law signed on April 11, 2017."

After this determination, the case was reinstated and set for argument before this Court.  Based on the trial court's determination and on the arguments made by counsel to the Court, the Court has determined that the trial court and the parties may not have understood the scope of the purpose for which the proceeding was abated and the trial court's role.  It appears that the trial court did not conduct a new hearing.  Rather, the trial court decided, based on its review of the evidence before the trial court at the time of the former trial judge's ruling, that he agreed with that ruling.  In effect, he performed a review of the previous trial court's ruling.  That is not the scope of the new trial court judge's role when a proceeding is abated under these circumstances.

Accordingly, this proceeding is again abated to the trial court to, within 45 days from the date of this order, conduct a hearing on the relator's motion to dismiss and the real-party-in-interest's motion to reinstate and independently decide those motions based on the evidence presented at the hearing.

Specifically, the trial court must rule on the motion to reinstate based on all the evidence that is presented by the parties on the day of the hearing. This is not a review of how the prior trial court judge ruled nor is it limited to the evidence presented to the previous judge at the time the judge made the ruling. The ruling that this Court must review in this mandamus proceeding is the ruling of the present trial court judge, the Honorable Shaun Carpenter, because it is only the current trial court judge's ruling that is the subject of this mandamus proceeding, without regard to the prior ruling of the Honorable Phil Robertson, the former trial court judge.

Supplemental clerk's and reporter's records must be filed within 14 days from the date of the hearing.

The stay previously issued in this case will otherwise remain in effect.


PER CURIAM

Before Chief Justice Gray,
        Justice Davis,* and
        Justice Neill
Proceeding abated
Order issued and filed October 21, 2019
RWR

*(Justice Davis dissents with a note. A separate opinion will not issue.

I respectfully dissent to the Court's additional abatement of this case. The trial court appropriately considered all of the information considered by his predecessor. Rule 7.2 requires that a successor judge be provided the opportunity "to reconsider the original party's decision." TEX. R. APP. P. 7.2. While the new judge is not limited to considering only the evidence on which the challenged order was based, there is no requirement that the new judge hold any additional hearings. *See In re Blevins*, 480 S.W.3d 542, 544 (Tex. 2013) ("The trial judge is not limited to considering only evidence on which the order was based."). This is particularly true when no party identifies new evidence for the court to

consider.  The direction to the trial court is to "take whatever actions and hold whatever hearings it determines are necessary for it to reconsider the [prior judge's] order and those matters underlying it."  *Id*. at 544.

The only new evidence in this case, which came to light after our abatement and before the trial court ruled, was the unfortunate demise of Mr. Ramirez.

