

# NUMBER 13-20-00263-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### IN RE FRANCISCO ESTEBAN BUNT, DOMIT & KAMEL, LP, AND DOMIT & KAMEL GM, LLC.

### On Petition for Writ of Mandamus.

# ORDER OF ABATEMENT

### Before Chief Justice Contreras and Justices Longoria and Tijerina
### Order Per Curiam

Relators Francisco Esteban Bunt, Domit & Kamel, LP, and Domit & Kamel GM, LLC have filed a petition for writ of mandamus arguing that the Honorable Ysmael D. Fonseca abused his discretion by striking relators' jury demand by order dated May 6, 2020. This cause is now before the Court on relators' Motion to Abate, which notes that Judge Fonseca's term of office expired on December 31, 2020, and that he was succeeded in office by the Honorable Joe Ramirez.

Texas Rule of Appellate Procedure 7.2 provides that "[w]hen a public officer is a party in an official capacity to an appeal or original proceeding, and if that person ceases to hold office before the appeal or original proceeding is finally disposed of, the public officer's successor is automatically substituted as a party if appropriate." TEX. R. APP. P. 7.2(a). But in an original proceeding, this Court "must abate the proceeding to allow the successor to reconsider the original party's decision." TEX. R. APP. P. 7.2(b); *see In re Blevins*, 480 S.W.3d 542, 543–44 (Tex. 2013) (orig. proceeding); *In re Schmitz*, 285 S.W.3d 451, 454 (Tex. 2009) (orig. proceeding); *see also State v. Olsen*, 360 S.W.2d 402, 403 (Tex. 1962) ("A writ of mandamus will not lie against a successor judge in the absence of a refusal by him to grant the relief Relator seeks.").

In light of the foregoing, this Court finds that relators' Motion to Abate is meritorious and we grant the motion. Accordingly, the original proceeding is hereby ABATED and the cause REMANDED to allow the successor judge the opportunity to reconsider the predecessor judge's ruling. *See* TEX. R. APP. P. 7.2(b)*.* The successor judge shall issue notice, cause a hearing to be held on this matter, determine what ruling should issue, and render its own order accordingly. The successor judge shall cause its order on reconsideration, along with any findings of fact and conclusions of law, to be included in a supplemental clerk's record. Further, a reporter's record of any hearing held shall be included in a supplemental reporter's record. The supplemental clerk's and reporter's records shall be filed with the Clerk of this Court within THIRTY (30) days of this order. The original proceeding will be reinstated upon filing of the supplemental records and on further order of this Court.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed on the
21st day of January, 2021.