

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00019-CV

---

IN RE SILVER HAYS, RELATOR

---

ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

---

February 8, 2021

## ORDER

Before QUINN, C.J., and PARKER and DOSS, JJ.

Two matters pend before the court. One is a petition for writ of mandamus. The other is a motion for leave to file a supplemental petition for writ of mandamus. The former involves whether the Honorable Delwin McGee, County Court at Law for Moore County, Texas (trial court) abused its discretion in disqualifying counsel for Silver Hays, said counsel being Briar L. Wilcox. Hays contended it did, and Wilcox petitioned for mandamus relief on her behalf to confirm that belief. The motion to supplement the petition was also filed by Silver Hays, though by different counsel, Richard Naylor. Through it, Hays attempted to interject discovery issues utterly distinct from the

disqualification of Wilcox into the original proceeding. Furthermore, whether Hays through Naylor alone or through Naylor and Wilcox intends to pursue the latter is unclear.

Given the distinction between topics and the risk of delaying disposition of the initial petition for writ of mandamus if the motion for leave to supplement is granted, we deny the motion for leave to supplement. That leaves the original petition for writ.

Since the original petition was filed, the trial judge who signed the disqualification order recused himself. The Honorable John Board then was assigned to preside over the cause. In circumstances such as this, appellate courts should either deny the petition for mandamus or abate the proceeding pending reconsideration of the challenged order by the new trial judge. *In re Blevins*, 480 S.W.3d 542, 544 (Tex. 2013) (orig. proceeding) (per curiam). They also should exercise discretion to determine which of the two approaches affords the better and more efficient manner of resolving the dispute. *Id.* We exercise that discretion to abate the petition for writ of mandamus.

We direct the trial judge assigned to the case to take whatever actions and hold whatever hearings it deems necessary to reconsider de novo the October 5, 2020 order of disqualification and those matters underlying it. The trial court is not limited to considering only the evidence previously admitted and on which the October 5th order was based. The trial court also is directed to proceed in accordance with this opinion and, subject to any requests for extension of time filed by that court, cause its order on reconsideration to be filed with the Clerk of this Court no later than 5:00 p.m. on March 10, 2021.

Per Curiam

2