

# NUMBER 13-20-00263-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE FRANCISCO ESTEBAN BUNT, DOMIT & KAMEL, LP, AND DOMIT & KAMEL GM, LLC

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Chief Justice Contreras[1]**

Relators Francisco Esteban Bunt, Domit & Kamel, LP, and Domit & Kamel GM, LLC, filed a petition for writ of mandamus arguing that the Honorable Ysmael D. Fonseca abused his discretion by striking relators' jury demand by order dated May 6, 2020. Relators subsequently moved to abate this cause on grounds that Judge Fonseca's term of office expired on December 31, 2020, and he was succeeded in office by the Honorable

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Joe Ramirez. This Court granted relators' motion and abated and remanded this case to allow Judge Ramirez the opportunity to reconsider Judge Fonseca's ruling regarding relators' jury demand.

The Court has now received and reviewed the supplemental clerk's and reporter's records regarding the trial court proceedings held on remand. On February 25, 2021, Judge Ramirez held a hearing pursuant to our directive. He informed the parties to this original proceeding that, due to unavoidable docket constraints, he would be unable to hear the case and had thus arranged to transfer the matter to another court. That same day, he signed an order transferring the case by agreement to the Honorable Noe Gonzalez, Presiding Judge of the 370th District Court of Hidalgo County, Texas. There has been no activity in this original proceeding since the supplemental clerk's and reporter's records were filed on March 11, 2021, and February 26, 2021, respectively.

Although a particular respondent is not critical in an original proceeding, the writ must be directed to someone. *In re Blevins*, 480 S.W.3d 542, 543–44 (Tex. 2013) (orig. proceeding) (per curiam); *In re Schmitz*, 285 S.W.3d 451, 454 (Tex. 2009) (orig. proceeding). Generally, a writ will not issue against one judge for what another judge did. *In re Blevins*, 480 S.W.3d at 543; *In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 228 (Tex. 2008) (orig. proceeding); *see also State v. Olsen*, 360 S.W.2d 402, 403 (Tex. 1962) (orig. proceeding) (per curiam) ("A writ of mandamus will not lie against a successor judge in the absence of a refusal by him to grant the relief Relator seeks."). Texas Rule of Appellate Procedure 7.2 addresses this topic, in part, and provides that when a judge who is a party to an original proceeding ceases to hold office, the court "must abate the

2

proceeding to allow the successor to reconsider the original party's decision." TEX. R. APP. P. 7.2(b). When the trial judge who signed the order at issue has not ceased to hold office but has only recused himself or herself from further participation in the case, appellate courts should either deny the petition for mandamus or abate the proceedings pending consideration of the challenged order by the new trial judge. *See In re Blevins*, 480 S.W.3d at 544. Because mandamus is a discretionary writ, the appellate court involved should exercise discretion to determine which of the two approaches affords the better and more efficient manner of resolving the dispute. *See id.*

Given the current posture of this case, we conclude that that this petition for writ of mandamus is not properly before us at this time, and further proceedings at this juncture should be devoted to the sound discretion of Judge Gonzalez. In this regard, Rule 7.2(b) does not require indefinite abatement, but instead requires only that we "abate the proceeding to allow the successor [judge] to reconsider the original [judge's] decision." TEX. R. APP. P. 7.2(b); *see In re Facebook, Inc.*, No. 20-0434, 2021 WL 2603687, at *3 n.2, __ S.W.3d __, at __ (Tex. June 25, 2021) (orig. proceeding). That requirement has been met here. Judge Fonseca signed the order subject to review on May 6, 2020, relators filed their petition for writ of mandamus on September 8, 2020, relators filed their motion to abate on January 19, 2021, and we abated this original proceeding on January 21, 2021, to allow Judge Ramirez to consider Judge Fonseca's decision. Further, to our knowledge, there has been no activity in the underlying case since it was transferred to Judge Gonzalez's court on February 25, 2021. The intervening time has been sufficient to "allow the successor to reconsider the original [judge]'s decision." *See* TEX. R. APP. P.

3

7.2(b); *In re Facebook, Inc.*, 2021 WL 2603687, at *3 n.2. And, as noted by the Texas Supreme Court, "mandamus is a discretionary writ," the availability of which depends in part on our equitable judgment as to whether mandamus relief is an "efficient manner of resolving the dispute." *In re Blevins*, 480 S.W.3d at 544.

The Court, having examined and fully considered the pleadings on file, the foregoing sequence of events, and the applicable law, is of the opinion that we should deny the petition for writ of mandamus. Accordingly, we reinstate this original proceeding. We lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We deny the petition for writ of mandamus without prejudice.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
8th day of July, 2021.