

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00081-CV

———————————————

IN RE A.H., Relator

---

Original Proceeding
393rd District Court of Denton County, Texas
Trial Court No. 18-0987-393

---

Before Sudderth, C.J.; Womack and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Relator A.H. has filed a petition for writ of mandamus challenging part of a May 19, 2023 contempt order rendered by the 393rd District Court (the Denton County trial court) that required A.H. to pay $9,605 as a sanction; the order did not include confinement as a remedy.[1] Relator previously filed an appeal from that contempt order—in which she also challenges a May 17, 2023 Order in Suit to Modify Parent–Child Relationship that the Denton County trial court rendered in the same case. The appeal remains pending in this court.[2]

On October 23, 2023—after the appeal had been filed—the Denton County trial court transferred the underlying suit affecting the parent–child relationship to Johnson County, Texas, and on October 25, 2023, the 249th District Court accepted the transfer. This court does not have jurisdiction over appeals or original proceedings from courts in Johnson County, Texas. *See* Tex. Const. art. 5, § 6(a) ("The state shall be divided into courts of appeals districts, . . . [and each] Court of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts"); Tex. Gov't Code Ann. § 22.201(c) (listing counties in Second Court of Appeals's District), § 22.201(k) (listing Johnson County in Tenth Court of Appeals's district), § 22.220(a) (limiting civil appellate jurisdiction of appellate court to

---

[1]The Denton County trial court found that A.H. had failed to comply with two provisions of the agreed parenting plan incorporated into the divorce decree; Relator challenges the contempt findings and sanction related to only one of those provisions.

[2]In the appeal, the brief of Real Party in Interest is due March 11, 2024.

its district), § 22.221(b)–(c) (limiting appellate court's writ jurisdiction to its district). Neither the Denton County trial court nor the Johnson County trial court has acted in this case since the transfer date.

In her mandamus petition, Relator requests that we (1) "void all portions of the May 19, 2023, *Corrected Order Holding Respondent in Civil Contempt* related to Violation 2," including the order for her to pay $9,605 to the Real Party in Interest; (2) order Real Party in Interest to disgorge amounts Relator has already paid to him pursuant to the contempt order; and (3) order the trial court to "release to [her] the balance of the funds that she paid into the Registry of the Court for the contempt fine." Although Relator did not include in the mandamus record any documentation showing the total payments to the Denton County trial court's registry, the Denton County trial court clerk has informed our clerk's office that as of January 24, 2024, $4,000 is being held in its registry. Relator has not asserted in her petition, nor does the Denton County trial court's online docket indicate, that she has filed any request with the Denton County trial court asking for the release of these funds or their transfer to the Johnson County District Clerk.

To the extent Relator seeks to have this court vacate part of the contempt order as void[3] and order the Denton County trial court to disburse funds in its registry

---

[3]Because more than 30 days have elapsed since the Denton County trial court's transfer order, it no longer has continuing, exclusive jurisdiction over proceedings involving the children in this case. *See* Tex. Fam. Code Ann. § 155.206(d) ("After the transfer, the transferring court does not retain jurisdiction of the child who is the subject of the suit, nor does it have jurisdiction to enforce its order for a violation

3

to Relator, we deny mandamus relief. And we cannot grant relief directed to the 249th District Court of Johnson County. *See* Tex. Gov't Code Ann. §§ 22.201(c), 22.221(b); *In re Grumbles*, No. 08-22-00230-CR, 2022 WL 17082348, at *1 (Tex. App.—El Paso Nov. 18, 2022, orig. proceeding); *see also Blevins*, 480 S.W.3d at 543 (noting that, generally, a writ will not issue against a judge for what another judge did).

Accordingly, we deny Relator's petition for writ of mandamus.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: February 28, 2024

---

occurring before or after the transfer of jurisdiction."); *see also In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). Although a particular respondent is not critical in a mandamus proceeding, the writ must be directed to someone. *In re Blevins*, 480 S.W.3d 542, 543 (Tex. 2013) (orig. proceeding).