**Dismiss in part and Deny in part and Opinion Filed August 20, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-24-00973-CV

## IN RE HOMESITE INSURANCE COMPANY AND JAMES VALLE, Relators

**Original Proceeding from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-23-17599**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Pedersen, III

Before the Court is relators' August 19, 2024 petition for writ of mandamus.

Relators challenge two orders.

First, relators challenge the district judge's August 9, 2024 Order Denying Defendants' Motion to Sever and Abate. On August 19, 2024, however, the district judge signed an Amended Order Granting Defendant's Motion to Sever and Abate, granting relators' motion to sever and abate "in all things." Because the district judge's August 19, 2024 ruling delivers relators all relief they were requesting in this original proceeding relating to their motion to sever and abate, the ruling renders that portion of relators' petition moot. *See In re Bomkamp*, No. 05-20-00266-CV,

2020 WL 2552883, at *1 (Tex. App.—Dallas May 20, 2020, orig. proceeding) (mem. op.) (dismissing original proceeding for want of jurisdiction when trial court delivered all relief relator requested in his petition for writ of mandamus). Thus, we dismiss relators' petition for want of jurisdiction to the extent they seek mandamus relief compelling the district judge to grant their motion to sever and abate.

Second, relators also challenge an associate judge's August 9, 2024 Order on Plaintiff's Motion to Compel Written Discovery and Depositions, which the associate judge amended on April 19, 2024 (the Discovery Order). Relators ask this Court to compel the district judge and the associate judge, "as appropriate," to withdraw the Discovery Order and to instead enter a new order denying real party in interest's motion to compel discovery and depositions.

To the extent relators seek mandamus relief against the district judge relating to the Discovery Order, we deny the petition. *See* TEX. R. APP. P. 52.8(a); *see also In re Blevins*, 480 S.W.3d 542, 543 (Tex. 2013) (orig. proceeding) ("[Generally,] a writ will not issue against one judge for what another judge did.").

To the extent relators seek mandamus relief against the associate judge relating to the Discovery Order, we dismiss the petition for want of jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221. Relators state that this Court has the power to issue a writ of mandamus and other writs necessary to enforce the jurisdiction of this Court. *See id*. § 22.221(a). Relators, however, do not identify, and we have not found, any appeal pending before this Court that would give the Court jurisdiction

to issue a writ of mandamus against the associate judge in this case relating to the Discovery Order.

Also before the Court is relators' August 19, 2024 motion for emergency temporary relief. We deny that motion as moot.

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE

240973F.P05