**DENY and Opinion Filed November 13, 2024**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-24-00829-CV

## IN RE SEATTLE BANK, Relator

**Original Proceeding from County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-24-00822-E**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Miskel
Opinion by Justice Miskel

In this original proceeding, relator seeks mandamus relief from a May 8, 2024 order granting real party in interest's motion to abate. That order was signed by the Honorable Elizabeth Frizell, who was sitting by assignment from May 6, 2024, through May 10, 2024, in the County Court at Law No. 5 of Dallas County, Texas.[1]

Generally, a writ will not issue against one judge for what another did. *In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 228 (Tex. 2008) (orig. proceeding). When the trial judge who signed the order at issue has not ceased to hold office but is no longer participating in the case, appellate courts should either deny the petition

---

[1] We take judicial notice of the April 15, 2024 assignment order. *See In re Johnson*, 599 S.W.3d 311, 311 n.1 (Tex. App.—Dallas 2020, orig. proceeding).

for a writ of mandamus or abate the proceedings pending consideration of the challenged order by the new trial judge. *See In re Shahahmadi*, No. 05-22-00629-CV, 2022 WL 2383798, at *1 (Tex. App.—Dallas July 1, 2022, orig. proceeding) (mem. op.) (denying petition without prejudice because challenged order was signed by visiting judge whose assignment had ended) (citing *In re Blevins*, 480 S.W.3d 542, 544 (Tex. 2013) (orig. proceeding)). Because mandamus is a discretionary writ, the appellate court involved should exercise discretion to determine which of the two approaches affords the better and more efficient manner of resolving the dispute. *See id.*

The visiting judge who issued the challenged order is no longer sitting by assignment for this case. Because it would be premature to compel the presiding judge of County Court at Law No. 5 to take any action before having an opportunity to review relator's complaint, we conclude that this petition is not properly before us at this time. Accordingly, we deny the petition for writ of mandamus without prejudice.

240829f.p05

/Emily Miskel/
EMILY MISKEL
JUSTICE

–2–