

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-25-00272-CV

**IN RE** Gladys **CARR**

Original Proceeding[1]

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
               Lori I. Valenzuela, Justice
               Lori Massey Brissette, Justice

Delivered and Filed: July 2, 2025

PETITION FOR WRIT OF MANDAMUS DENIED

Relator filed a petition for writ of mandamus and an amended petition for writ of mandamus on April 30, 2025. According to relator, the named respondent has recused himself from presiding over the trial court matter. Relator failed to indicate whether she has sought reconsideration of the contested order from respondent's successor. We ordered relator to file an advisory with this court regarding what actions, if any, have been taken to secure a hearing of the challenged motion from the respondent's successor no later than June 20, 2025. Relator has not filed any such advisory.

Texas courts have held that "[m]andamus will not issue against a new judge for what a former one did" in denying relief where the named respondent no longer presides over the trial

---

[1]This proceeding arises out of Cause No. 2022PC0301, styled *In re Estate of Eddy Colbert Carr, Deceased*, pending in the County Court At Law No 2, Guadalupe County, Texas.

court matter. *In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 228 (Tex. 2008). Under such circumstances, "appellate courts should either deny the petition for mandamus…or abate the proceedings pending consideration of the challenged order by the new trial judge." *In re Blevins*, 480 S.W.3d 542, 544 (Tex. 2013). The Texas Supreme Court has cautioned that "[b]ecause mandamus is a discretionary writ, the appellate court involved should exercise discretion to determine which of the two approaches affords the better and more efficient manner of resolving the dispute." *Id.*

Here, we are presented with an inadequate record that fails to establish what actions, if any, have been taken to secure a hearing before the current trial judge. *See* TEX. R. APP. P. 52.3(k)(1)(B) and 52.7. Relator was provided an opportunity to supplement the record to cure these deficiencies and elected not to do so. Absent the information requested, the record is inadequate to support the relief desired.

Accordingly, the petition for writ of mandamus is **DENIED**. Relator may refile her petition against the proper respondent should there be proper grounds.

PER CURIAM

DO NOT PUBLISH