

## NUMBER 13-25-00298-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

### IN RE LAWRENCE BERRY, INDIVIDUALLY
### AND AS TRUSTEE OF THE ALLEN LAWRENCE BERRY TRUST,
### DIRECTLY AND DERIVATIVELY ON BEHALF OF BECON, INC., LDMA
### LIMITED PARTNERSHIP, AND BERRY GP, INC.

### ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Justice West[1]**

By petition for writ of mandamus, relators Lawrence Berry, individually and as

trustee of the Allen Lawrence Berry Trust, directly and derivatively on behalf of Becon,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Inc., LDMA Limited Partnership, and Berry GP, Inc. assert that the trial court[2] abused its discretion by failing to grant a plea in abatement based on dominant jurisdiction.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). Ordinarily, the relator must show that: (1) the trial court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the responses filed by the real parties in interest, the reply, and the applicable law, is of the opinion that relators have not met their burden to obtain relief. Accordingly, we lift the stay previously imposed in this case, and we deny the petition for writ of mandamus.

JON WEST
Justice

Delivered and filed on the
22nd day of October, 2025.

---

[2] This original proceeding arises from trial court cause number 2024DCV-0045-C in the 94th District Court of Nueces County, Texas, and the respondent is the Honorable Bobby Galvan. *See id.* R. 52.2. However, the real parties in interest, Redfish Bay Terminals, Inc., Canada Project Holdings Inc., Axis Midstream Holdings, LLC, and Berry GP, Inc., have filed an advisory with the Court stating that Judge Galvan has recused himself from further proceedings, and the case has been reassigned to the Honorable Mark Woerner. When a trial judge recuses after an original proceeding has been filed, as here, "appellate courts should either deny the petition for mandamus . . . or abate the proceedings pending consideration of the challenged order by the new trial judge." *In re Blevins*, 480 S.W.3d 542, 544 (Tex. 2013) (orig. proceeding) (per curiam). "Because mandamus is a discretionary writ, the appellate court involved should exercise discretion to determine which of the two approaches affords the better and more efficient manner of resolving the dispute." *Id.* In our discretion, and having fully reviewed the pleadings and record, we conclude that abatement is unnecessary. *See id.*